IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CLIFFORD ALLEN SMITH, | § | |
| TDCJ #576142, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-0372 |
| | § | |
| GEAN LEONARD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Clifford Allen Smith (TDCJ #576142), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Smith, who appears *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. Smith has also provided a "more definite statement" of his claims along with his complaint. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.[1]

## I.    BACKGROUND

Smith is currently incarcerated at TDCJ's Wynne Unit in Huntsville, Texas. Smith sues Galveston County Sheriff Gean Leonard and several other officials employed at the Galveston County Jail, including Major Michael Henson, Lieutenant R.C. DelaCruz, Jr., Lieutenant Carnely, Sergeant Donna Kligar, Sergeant Barr, Sergeant G. Staigle, and

---

[1]    On October 25, 2007, this case was reassigned pursuant to General Order No. 2007-10 to United States District Judge Melinda Harmon. This case is being handled by the undersigned by agreement of the judges.

Mailroom Clerk Teresa Conner.  Smith also sues Galveston County District Clerk Latonia Wilson  and Deputy District Clerk S. McPhee.

Smith's complaint against these defendants concerns their alleged interference with legal mail that was addressed to the federal courts.  In particular, Smith asserts that he mailed a pleading to the United States District Clerk's Office in Galveston, on December 28, 2006, in connection with a pending civil rights case in *Smith v. Radcliffe, et al.*, Civil No. G-06-0377.  Smith explains that he mailed a motion to amend the complaint on that date, but that his pleadings were returned for additional postage on January 11, 2007.  Based on his review of the certified mail receipt for his pleading, Smith believes that his mail was misdirected by officials at the Jail and forwarded incorrectly to the Galveston County District Clerk's Office, rather than the United States District Clerk's Office as he had intended.

Smith accuses the defendants of violating Texas criminal law by committing official oppression, abuse or misuse of official capacity, and obstruction of justice by impeding, delaying, or hindering his mail.  Smith also complains that, by tampering with his mail, the defendants have unlawfully interfered with his constitutional right of access to the courts. Smith demands that criminal charges be lodged against the defendants for tampering with his mail.  Smith also seeks compensatory damages for violations of his civil rights.  A review of the pleadings demonstrates, however, that the complaint must be dismissed for reasons discussed further below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates initial screening of a prisoner civil rights complaint. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

Smith does not proceed *in forma pauperis* in this instance. At the outset of this case, Smith was advised that he is no longer entitled to proceed *in forma pauperis* because at least three prior civil actions filed by him have been dismissed for lack of merit. (Doc. # 4). As a result, Smith paid the full filing fee. Regardless of whether a civil rights litigant proceeds *in forma pauperis*, a district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Martin v. Scott*, 158 F.3d 578, 579-80 (5th Cir. 1998), *cert. denied*, 527 U.S. 1041 (explaining that suits against state agencies and officers are clearly within the ambit of 28 U.S.C. § 1915A). Accordingly,

Smith's complaint may be dismissed under one of these grounds regardless of whether he has paid the filing fee.

A district court may dismiss a prisoner's complaint as frivolous if the complaint "lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

4

lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   <u>DISCUSSION</u>

Smith complains that the defendants have tampered or interfered with his mail in violation of state law and in violation of his civil rights.  Smith's civil rights complaint is governed by 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish liability under § 1983, a civil rights plaintiff must establish two elements:  (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States.  *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)).  Smith fails to show that he is entitled to recover any of the relief sought under 42 U.S.C. § 1983.

### A.   **Smith's Request for Criminal Prosecution**

Smith alleges that the defendants tampered with his mail, thereby engaging in official oppression, misuse or abuse of office, and obstruction of justice, among other things, in violation of Texas law.  To the extent that Smith has lodged claims for violations of the Texas Penal Code, he has no standing to sue for violations of criminal law.  In that regard, the Texas Penal Code does not create a private right of action. *See Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied);  *Spellmon v. Sweeney*, 819 S.W.2d 206, 211 (Tex. App.—Waco 1991, no writ).  Likewise, Smith's contention that the defendant violated Texas law is not sufficient to state a claim under 42 U.S.C. § 1983, which requires a plaintiff to demonstrate a constitutional violation.

In addition, to the extent that Smith seeks to initiate criminal charges against the defendants, there is no constitutional right to have someone criminally prosecuted.  *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).  Nor is there a constitutional right to have someone investigated.  The decision to charge an individual with criminal violations is solely within the discretion of the district attorney.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); *Satler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted).  Smith's quest for criminal prosecution is without an arguable basis in law.  *See Oliver*, 914 F.2d at 60.  Accordingly,

these allegations are subject to dismissal for failure to state a claim upon which relief can be granted.

### B.    Denial of Access to Courts

Smith alleges that the defendants have violated his civil rights under 42 U.S.C. § 1983 because they incorrectly delivered his motion to amend the complaint in *Smith v. Radcliffe*, Civil No. G-06-0377 (S.D. Tex.) to the wrong courthouse.  Smith insists, therefore, that the defendants interfered with his constitutional right of access to the courts.

The constitutional right implicated by Smith's allegations is the right to access the courts that is generally protected by the First Amendment, the Due Process Clause, and the Equal Protection Clause.  *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (collecting cases that demonstrate the "unsettled . . . basis of the constitutional right of access to courts").  Prisoners clearly have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). However, a prisoner's right of access to courts is not unlimited.  *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997)).  The right encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.  *See Jones*, 188 F.3d at 325 (citing *Lewis*, 518 U.S. at 351).  Thus, the right of access to courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 415.

7

In this instance, Smith does not allege facts showing that the defendants intentionally denied him the opportunity to file a non-frivolous claim.  Instead, Smith appears to claim that the defendants interfered with his right to access the courts by negligently mailing his pleading to the wrong courthouse.  Negligent conduct is not actionable under 42 U.S.C. § 1983.  *See Wright v. Pennington*, 167 Fed. App'x 579 (5th Cir. 2006) (holding that a prisoner's allegation of negligent mishandling of mail by prison staff failed to state a claim under 42 U.S.C. § 1983) (citing *Marsh v. Jones*, 53 F.3d 707, 711-712 (5th Cir. 1995)).

Furthermore, the pleadings and the record do not reflect that Smith was actually denied access to the courts.  A review of the docket sheet in the action at issue, *Smith v. Radcliffe*, Civil No. G-06-0377 (S.D. Tex.), shows that Smith was afforded ample opportunity to supplement his complaint.  The record in that case shows that Smith filed both a "more definite statement" of his claims and a written response to interrogatories requested by the reviewing court.  The record demonstrates further that Smith filed numerous other pleadings and motions in that case.  Smith does not show that he was denied an opportunity to present his claims in that case or that he was otherwise denied an opportunity to do so.[2]

---

[2]     The Court takes judicial notice of records showing that Smith is a frequent filer in the federal courts.  A national prison litigation index reflects that Smith has filed numerous civil rights cases in the Southern District of Texas.  To date, at least three of his civil actions and one of his appeals have been dismissed as frivolous or for failure to state a claim. *See Smith v. Ratcliff*, Civil No. 3-06-0103 (S.D. Tex. July 17, 2006); *Smith v. Leonard, et al*., Civil No. 3-06-0179 (S.D. Tex. June 22, 2006); *Smith v. Leonard, et al.*, Civil No. 3-06-0231 (S.D. Tex. June 22, 2006);  *Smith v. Leonard, et al.*, No. 06-41123 (5th Cir. July 16, 2007). Another case has been dismissed as duplicative.  *Smith v. Fort Bend County Sheriff's Dep't*, 4-06-1686 (S.D. Tex. May 26, 2006).  Based on this record, it does not appear that Smith's access to courts has been restricted in any manner.

More importantly, a review of the complaint in *Smith v. Radcliffe*, Civil No. G-06-0377 (S.D. Tex.), which concerned allegations of malicious prosecution, reflects that Smith's claim was without merit. *See Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc) (holding that there is no "freestanding constitutional right to be free from malicious prosecution," and that "'malicious prosecution' standing alone is no violation of the United States Constitution"), *cert. denied*, 543 U.S. 808 (2004).  Absent a showing that Smith was denied the ability to bring a non-frivolous claim, he fails to establish that the defendants improperly interfered with his constitutional right of access to courts. *See Jones*, 188 F.3d at 325.  Accordingly, Smith's pending complaint must be dismissed for failure to state a claim.

IV.     **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1.      The plaintiff's complaint is **DISMISSED** with prejudice.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on December 5th, 2007.

Nancy F. Atlas
United States District Judge